NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JSM AT COLLEGE POINTE, LTD, L.L.P., <br><br> Plaintiff, <br><br> v. <br><br> U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR IN INTEREST TO BANK OF AMERICA, N.A., TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF THE MERRILL LYNCH MORTGAGE TRUST, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-MW, <br><br> Defendant. | Civil Action No. 2:14-cv-05216-SDW-SCM <br><br> **OPINION** <br><br> March 30, 2015 |

**WIGENTON**, District Judge.

Before this Court is a Motion to Dismiss the Complaint filed by Defendant U.S. Bank National Association, as Trustee, as Successor in Interest to Bank of America, N.A., Trustee, Successor by Merger to LaSalle Bank, National Association, as Trustee for the Holders of the Merrill Lynch Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2002-MW ("Defendant" or "US Bank") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and a Cross-Motion for Leave to Amend the Complaint filed by Plaintiff JSM

at College Point, LTD, L.L.P. ("JSM" or "Plaintiff") pursuant to Federal Rule of Civil Procedure 15.

Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons, discussed below, this Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motion.

**BACKGROUND**

*Factual Allegations*

On or about May 28, 2002, Plaintiff JSM, a Florida Limited Partnership, borrowed $9,000,000 from Defendant US Bank, a national association. (Compl. ¶¶ 1-3.) The loan is secured by Plaintiff's apartment complex in Fort Meyers, Florida. (*Id.* at ¶¶ 3-4.) To provide consideration for the loan, Plaintiff executed a Mortgage, Note, and related loan documents. (*Id.* at ¶¶ 3-5.)

The Mortgage agreement includes a forum selection clause, which provides:

> EACH OF BORROWER AND INDEMNITOR, TO THE FULLEST EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, (I) SUBMITS TO PERSONAL, NONEXCLUSIVE JURISDICTION IN THE STATE OF FLORIDA WITH RESPECT TO ANY SUIT, ACTION OR PROCEEDINGS BY ANY PERSON ARISING FROM, RELATING TO OR IN CONNECTION WITH THE LOAN DOCUMENT OR THE LOAN . . . (IV) AGREES THAT IT WILL NOT BRING ANY ACTION, SUIT OR PROCEEDING IN ANY OTHER FORUM OTHER THAN LEE COUNTY, FLORIDA.

(Shenai Cert., Ex.1, Mortgage § 15.1(10)) The Note similarly provides that it "shall be governed by, and construed in accordance with, the laws of the State where the Property is located [Florida]." (Shenai Cert., Ex. 2, Note at Section VIII.O; Compl. ¶ 4.)

In or around 2008, Plaintiff unsuccessfully sought a loan modification with Defendant. (Compl. ¶¶ 6, 8.) Plaintiff eventually defaulted on its loan payments and Defendant commenced foreclosure proceedings against Plaintiff in the Twentieth Judicial Circuit Court in Lee County, Florida. (Compl. ¶ 17.) The Florida court denied Plaintiff's motion to compel Defendant to accept the proposed loan modification. (Compl. ¶ 26.) In 2014, Plaintiff agreed to pay the entire amount demanded by U.S. Bank, effectively terminating the foreclosure proceedings. (Compl. ¶ 27.)

Plaintiff brings forth this action against Defendants alleging the following claims: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; and (3) violation of statutory prohibition against deceptive and unfair trade practices. (Compl. ¶¶ 37-47.) Plaintiff claims that Defendant engaged in bad faith practices while allegedly negotiating a possible loan modification. (Compl. ¶¶ 7-9.) Plaintiff further alleges that Defendant induced Plaintiff into defaulting on the mortgage loan. (Compl. ¶¶ 12, 14, 16.)

*Procedural History*

On July 10, 2014, Plaintiff filed a complaint against Defendants in Middlesex County Superior Court of New Jersey. (Compl. 1.) On August 20, 2014, Defendants removed this action to federal court on the basis of diversity jurisdiction. (Dkt. No. 1.)

On August 27, 2014, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 4.) On October 6, 2014, Plaintiff filed its opposition to Defendants' Motion to Dismiss and a Cross Motion to Amend/Correct the Complaint. (Dkt. No. 7.) Both of these motions are before this Court.

**LEGAL STANDARD**

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most

favorable to the [plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Smith v. Barre*, 517 F. App'x. 63, 65 (3d Cir. 2013) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

In *Fowler v. UPMC Shadyside*, the Third Circuit devised "a two-part analysis." 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the complaint's factual allegations from its legal conclusions. *Id.* at 210-11. Having done that, the court must take only the factual allegations

4

as true and determine whether the plaintiff has alleged a "plausible claim for relief." *Id.* (quoting *Iqbal,* 566 U.S. at 679).

**DISCUSSION**

The Third Circuit has acknowledged there is "no doubt that a 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum." *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001); *see Central Contracting Co. v. Maryland Cas. Co.*, 367 F.2d 341, 343 (3d Cir. 1966) (affirming the district court's dismissal because the forum selection clause provided the plaintiff "agrees that it will not commence any action . . . in any Courts other than those in the County of New York, State of New York"). In general, "forum selection clauses are treated as ordinary contract provisions and, therefore, are subject to the ordinary rules of contract interpretation." *TGA Premier Jr. Golf Franchise, LLC v. B P Bevins Golf LLC*, No. 12-4321, 2012 WL 4892861, *2-4 (D.N.J. Oct. 12, 2012); *John Wyeth & Brother, Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1074 (3d Cir. 1997)). Where the contractual language is unambiguous, the court must enforce the contract as written. 119 F.3d at 1074.

This Court finds that the forum selection clause at issue completely bars Plaintiff's allegations. The forum selection clause in the Mortgage unambiguously provides that Plaintiff "agrees that it will not bring any action, suit or proceeding in any other forum other than Lee County, Florida." (Shenai Cert., Ex.1, Mortgage § 15.1(10)). Although Plaintiff asserts the untenable argument that it is the Note and not the Mortgage that applies, the Note itself similarly provides that its terms "shall be governed by, and construed in accordance with, the laws of the State where the Property is located." (Shenai Cert., Ex. 2, Note at Section VIII.O.) Here, the subject property, which served as collateral for the loan, is located in Florida. (Compl. ¶ 4.)

Moreover, the Mortgage and Note are interrelated documents, expressly referencing each other, and executed simultaneously regarding the subject transaction.  Because of this, the Note need not expressly include its own separate forum selection clause.  *See Hopfenspirger v. West*, 949 So.2d 1050, 1053 (Fla. Dist. Ct. App. 2006) ("[W]here a writing expressly refers to and sufficiently describes another document, the other document is to be interpreted as part of the writing.").  Therefore, the forum selection clause applies and Defendant's 12(b)(6) Motion to Dismiss is granted.

**CONCLUSION**

For the reasons stated above, this Court **GRANTS** Defendant's Rule 12(b)(6) Motion to Dismiss and **DENIES** Plaintiff's Cross-Motion for Leave to File an Amended Complaint without prejudice.[1]


                                                        s/ Susan D. Wigenton, U.S.D.J.


Orig:       Clerk
cc:         Parties
            Magistrate Judge Steven C. Mannion

---

[1] Filing an amended complaint would be futile in light of the forum selection clause designating Florida as the proper forum.  As a result, this Court need not, and will not, address the merits of Plaintiff's Complaint.